TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Aaron Bair*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Bair, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Trans Union, LLC, a Delaware limited liability company, and Synchrony Bank, an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, AARON BAIR, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

c. Synchrony Bank, which is an Ohio corporation that maintains its registered offices in Kettering, Ohio.

## GENERAL ALLEGATIONS

6. Synchrony Bank is reporting its trade line with account number 706159100076XXXX ("Errant Trade Line") with multiple charge offs on Plaintiff's Trans Union and Experian credit files.

7. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly reported as a current derogatory, it has unduly largely and devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

8. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

3

9. The multiple charge offs convey to any user or prospective of Aaron Bair's credit reports that, not only did a charge off incur on particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

10. The Errant Trade Line is reported with multiple charge offs between the months of June 2013 through March 2014 on Plaintiff's Trans Union and Experian credit files.

11. On or about January 4, 2016, Mr. Bair obtained his credit files and noticed the multiple charge offs on the Errant Trade Line.

12. On or about February 29, 2016, Mr. Bair submitted letters to Experian and Trans Union, disputing the multiple charge offs on the Errant Trade Line.

13. On or about April 29, 2016, Mr. Bair received Trans Union's investigation results, which showed that Synchrony Bank retained the multiple charge offs on the Errant Trade Line.

14. On or about May 4, 2016, Mr. Bair obtained an Experian credit file because he did not receive dispute results from Experian. This also showed that Synchrony Bank retained the multiple charge offs on the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

4

16. After being informed by Experian and Trans Union of Mr. Bair's consumer dispute of the multiple charge offs on the Errant Trade Lines, Synchrony Bank negligently failed to conduct a proper investigation of Mr. Bair's dispute as required by 15 USC 1681s-2(b).

17. Synchrony Bank negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the multiple charge offs on the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Bair's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

19. As a direct and proximate cause of Synchrony Bank's negligent failure to perform its duties under the FCRA, Mr. Bair has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Synchrony Bank is liable to Mr. Bair by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Bair has a private right of action to assert claims against Synchrony Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Synchrony Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY BANK

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Experian and Trans Union that Mr. Bair disputed the accuracy of the information it was providing, Synchrony Bank willfully failed to conduct a proper reinvestigation of Mr. Bair's dispute.

24. Synchrony Bank willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Synchrony Bank's willful failure to perform its duties under the FCRA, Mr. Bair has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Synchrony Bank is liable to Mr. Bair for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Synchrony Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bair as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Bair that was false, misleading, and inaccurate.

30. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bair, in violation of 15 USC 1681e(b).

31. After receiving Mr. Bair's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Bair has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Experian is liable to Mr. Bair by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bair as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Bair that was false, misleading, and inaccurate.

37. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bair, in violation of 15 USC 1681e(b).

38. After receiving Mr. Bair's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Bair has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Experian is liable to Mr. Bair by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bair as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Bair that was false, misleading, and inaccurate.

44. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bair, in violation of 15 USC 1681e(b).

45. After receiving Mr. Bair's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Bair has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Trans Union is liable to Mr. Bair by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Bair as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Bair that was false, misleading, and inaccurate.

51. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bair, in violation of 15 USC 1681e(b).

52. After receiving Mr. Bair's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Bair has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Trans Union is liable to Mr. Bair by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED: June 1, 2016

                              KENT LAW OFFICES


                              By: __/s/   *Trinette G. Kent*__
                              Trinette G. Kent
                              Attorneys for Plaintiff,
                              Aaron Bair